IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | CASE NO. 6:05-CR-00019-JDK-JDL |
| vs. § | |
| § | |
| § | |
| § | |
| LOUIS JAMES KRSKA, JR. (2) § | |

### REPORT AND RECOMMENDATION
### ON REVOCATION OF SUPERVISED RELEASE

On January 29, 2025, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Robert Wells. Defendant was represented by Assistant Federal Defender Jonathan Hyatt.

*Background*

After pleading guilty to the offenses of Possession with Intent to Distribute Methamphetamine (Count 2), and Use, Carrying, and Possession of a Firearm During and in Furtherance of a Drug Trafficking Crime (Count 4), Class B and Class A felonies, respectively, Defendant Louis James Krska, Jr., was sentenced on December 5, 2005, by United States District Judge Leonard Davis. The offenses carried a statutory maximum imprisonment term of 40 years (Count 2) and life (Count 4). The guideline imprisonment range, based on a total offense level of 23 and a criminal history category of IV, was 70 to 87 months (Count 2) and 60 months consecutive to any other sentence (Count 4). The Court sentenced Defendant to an imprisonment term of 135 months (75 months as to Count 2 and 60 months as to Count 4 to run consecutively), followed by a 5-year term of supervised release (5 years on each count to run concurrently) subject to the standard conditions of release, plus special conditions to include financial disclosure, mental health

1

treatment, and substance abuse testing and treatment. Defendant completed his term of imprisonment and started his term of supervised release on December 29, 2014.

### *Allegations*

In the First Amended Petition seeking to revoke Defendant's supervised release, filed on November 9, 2023, United States Probation Officer Michelle Neubauer alleges that Defendant violated the following condition of supervised release:

1. **Allegation 1 (mandatory condition): The defendant shall not commit another federal, state, or local crime.** It is alleged that Defendant was arrested on September 30, 2018, in Henderson County, Texas, and charged with Possession of a Dangerous Drug (Case No. 2019-0097CCL) and Theft of Property (Case No. 2019-0098CCL) in the Henderson County Court at Law. On September 17, 2019, Defendant was sentenced to 2 years in the Texas Department of Criminal Justice for the offense of Possession of a Controlled Substance Penalty Group 1 >=1 gram<4 grams. Defendant was also arrested on November 28, 2018, in Smith County, Texas, and charged with Manufacture and Delivery of a Controlled Substance Penalty Group 1>=4 grams<200 grams (methamphetamine). On June 17, 2019, Defendant was sentenced to 12 years in the Texas Department of Criminal Justice.

2. **Allegation 2 (standard condition 9): The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.** It is alleged that Defendant was associating with Chase Sorrell, a convicted felon, on November 28, 2018, without the permission of the probation officer.

3. **Allegation 3 (standard condition 11): The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.** It is alleged that Defendant failed to notify the probation officer within 72 hours of being arrested on September 30, 2018.

### *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the

present case, Defendant's original offenses of conviction were Class A and B felonies. Accordingly, the maximum imprisonment sentence that may be imposed is 5 years and 3 years, respectively. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the offense of Manufacture and Delivery of a Controlled Substance Penalty Group 1>=4 grams<200 grams, or Possession of a Controlled Substance Penalty Group 1>=1 gram<4 grams, as alleged in the petition, he is guilty of a Grade A violation. U.S.S.G. § 7B1.1.(a). Defendant's original criminal history category was IV. The guidelines provide that Defendant's guideline imprisonment range for a Grade A violation is 37 to 46 months. If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by associating with a convicted felon without permission or failing to notify the probation officer about his arrest, as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of IV, the guidelines provide a guideline imprisonment range for a Grade C violation of 6 to 12 months. The grade of the violation having the most serious grade is used to determine the guideline range when there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense. U.S.S.G. § 7B1.1(b).

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

*Hearing*

On January 29, 2025, Defendant appeared for a final revocation hearing. Assistant United States Attorney Robert Wells announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 2 in the petition and to jointly request a sentence of imprisonment for a term of 12 months with no further term of supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 2 of the petition. Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Seagoville.

*Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 2 of the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for a term of 12 months with no further term of supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 2 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term of 12 months with no further term of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited

towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant at FCI Seagoville.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for a term of 12 months with no further term of supervised release.

So ORDERED and SIGNED this 29th day of January, 2025.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE